UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| DARYL B. VAUGHN, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) NO. 2:23-cv-00047 |
| TIM KLAFLIN, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Daryl Vaughn, an inmate of the Cumberland County Jail in Crossville, Tennessee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1, "Complaint"), an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2), and a motion to appoint counsel (Doc. No. 3).

The case is before the Court on Plaintiff's IFP application and motion and for initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. APPLICATION TO PROCEED IFP

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it appears from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, that application (Doc. No. 2) is **GRANTED** and a $350 filing fee[1] is **ASSESSED**.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust

---

[1] While prisoners who are not granted pauper status must pay a total fee of $402—a civil filing fee of $350 plus a civil administrative fee of $52—prisoners who are granted pauper status are only liable for the $350 civil filing fee. See 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020).

account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. Id. § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. Id. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

The Court must conduct an initial review and dismiss the Complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Review of the Complaint to determine whether it states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, Erickson v. Pardus, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiff filed this action under § 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. Accordingly, the Complaint must plausibly allege: (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." Carl v. Muskegon Cnty., 763 F.3d 592, 595 (6th Cir. 2014).

**B. Allegations and Claims**

Plaintiff alleges that, on July 15, 2023, while he was a pretrial detainee at the Cumberland County Jail, he was struck in the face by a fellow inmate, Casper Gentry, upon reentering his housing pod after "med call." (Doc. No. 1 at 4, 6–7).[2] Plaintiff alleges that Gentry had notified Officers Charlie Dixon and James Halbrook one hour prior to the assault that he "had a problem" with Plaintiff and Plaintiff's cellmate, and that Gentry had been moved several times in the past "for having problems with other inmates and staff." (Id. at 5–7). Three or four weeks prior to assaulting Plaintiff, Gentry had been physically restrained by staff and isolated in intake. (Id.). Despite knowing that Gentry was an "aggressive inmate" who "had a problem" with Plaintiff,

---

[2] These allegations are repeated in a subsequent filing showing that Plaintiff grieved the matter to jail authorities. (Doc. No. 5).

3

Defendants Dixon and Halbrook failed to "do[] anything about it" and "negligently allowed the assault to happen." (Id.). As a result of being struck by Gentry, Plaintiff had swelling, pain, and blurred vision in his left eye. (Id. at 6–7). Claiming violations of the "8th Amendment and under color of state law" (id. at 3), he seeks an award of compensatory and punitive damages against Defendants Dixon, Halbrook, and Jail Administrator Tim Klaflin. (Id. at 2–3, 7).

**C. Analysis**

Plaintiff claims that Defendants violated his rights by failing to protect him from Gentry. Though he claims an Eighth Amendment violation, it is the Due Process Clause of the Fourteenth Amendment that protects pretrial detainees from violence at the hands of other prisoners. Richko v. Wayne Cty., Mich., 819 F.3d 907, 915 (6th Cir. 2016) (citing Roberts v. City of Troy, 773 F.2d 720, 723 (6th Cir. 1985)). In evaluating Fourteenth Amendment failure-to-protect claims, a four-prong test is employed. "Under that test, an officer violates the Fourteenth Amendment when (1) he acts intentionally 'with respect to the conditions under which the plaintiff was confined,' (2) those conditions 'put the plaintiff at substantial risk' of harm, (3) he does not take reasonable steps to abate that risk, and (4) by failing to do so he actually causes the plaintiff's injuries." Buetenmiller v. Macomb Cnty. Jail, 53 F.4th 939, 945 (6th Cir. 2022) (quoting Westmoreland v. Butler County, 29 F.4th 721, 729 (6th Cir. 2022)).

In this case, Plaintiff alleges that Defendants Dixon and Halbrook received notice that Gentry, a known aggressor with a history of causing "problems with other inmates and staff," now "had a problem" with Plaintiff. Dixon and Halbrook received this notice one hour prior to Plaintiff's return to the pod from med call, where Gentry was waiting for Plaintiff and struck him in the face. Liberally construed in the light most favorable to Plaintiff, the Complaint colorably claims that these Defendants acted intentionally in leaving Plaintiff and Gentry confined in the

4

same pod despite the report of Gentry's "problem" with Plaintiff, and thereby unreasonably exposed Plaintiff to a substantial risk of harm at the hands of an aggressive inmate, leading to Plaintiff's injuries. This claim survives initial review and will go forward against Defendants Dixon and Halbrook in their individual capacities.

Plaintiff also sues Dixon and Halbrook in their official capacities, thereby attributing wrongdoing to their employer, Cumberland County.[3] But he does not allege that their failure to protect him from harm resulted from any custom or policy of Cumberland County, as required to support municipal liability. See Miller v. Sanilac Cnty., 606 F.3d 240, 254–55 (6th Cir. 2010) (stating that claim of municipal liability cannot succeed unless "a policy or custom of the municipality was the 'moving force' behind the deprivation of the plaintiff's rights") (citation omitted). The official-capacity claims against these Defendants will therefore be dismissed.

Finally, the third Defendant in this case, Tim Klaflin, is merely identified in the Complaint as the Cumberland County Jail Administrator (Doc. No. 1 at 1, 2, 6) and not otherwise mentioned. To the extent that Plaintiff seeks to assert Klaflin's liability as Dixon and Halbrook's supervisor, his allegations are insufficient to do so. The Sixth Circuit has "long held that supervisory liability requires some active unconstitutional behavior on the part of the supervisor," Peatross v. City of Memphis, 818 F.3d 233, 241 (6th Cir. 2016) (citations and internal quotation marks omitted), and Klaflin is not alleged to have been involved in the violation of Plaintiff's rights. "Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal as to that defendant, even under the liberal construction afforded to pro se complaints."

---

[3] "Official capacity claims are equivalent to claims against a defendant's employer." Perkins v. Washburn, No. 3:19-cv-00959, 2020 WL 3972749, at *8 (M.D. Tenn. July 14, 2020) (citing Alkire v. Irving, 330 F.3d 802, 810 (6th Cir. 2003) (holding that "individuals sued in their official capacities stand in the shoes of the entity they represent")).

Green v. Correct Care Sols., No. 3:14-cv-01070, 2014 WL 1806997, at *4 (M.D. Tenn. May 7, 2014) (citing cases); see also Murphy v. Grenier, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability.") (citing Gibson v. Matthews, 926 F.2d 532, 535 (6th Cir. 1991)). Accordingly, Defendant Klaflin will be dismissed from this action.

### III. MOTION TO APPOINT COUNSEL

Plaintiff has filed a Motion to Appoint Counsel. (Doc. No. 3). An indigent plaintiff in a civil action, unlike a criminal defendant, has no constitutional right to the appointment of counsel; rather, the appointment of counsel in such cases is a privilege "justified only in exceptional circumstances." Miles v. Michigan Dep't of Corr., No. 19-2218, 2020 WL 6121438, at *4 (6th Cir. Aug. 20, 2020) (citing Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003), and Lavado v. Keohane, 992 F.2d 601, 606–07 (6th Cir. 1993)). As no such circumstances are yet readily apparent, the Motion to Appoint Counsel (Doc. No. 3) is **DENIED WITHOUT PREJUDICE** to renewal if warranted after service of process is accomplished.

### IV. CONCLUSION

As explained above, the Complaint states a nonfrivolous failure-to-protect claim against Defendants Dixon and Halbrook that will proceed for further development. Accordingly, the Clerk is **INSTRUCTED** to send Plaintiff a service packet (blank summons and USM 285 form) for each of these two Defendants. Plaintiff **MUST** complete the service packets and return them to the Clerk's Office within **30 DAYS** of the date of this Order. Upon return of the completed service packets, **PROCESS SHALL ISSUE**.

Defendant Klaflin is **DISMISSED** from this action.

The Court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons

set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE