UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| DARYL B. VAUGHN,<br><br>Plaintiff,<br><br>v.<br><br>TIM KLAFLIN, et al.,<br><br>Defendants. | Case No. 2:23-cv-00047<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

On May 31, 2024, the Magistrate Judge recommended that the Court dismiss pro se Plaintiff Daryl B. Vaughn's claims against Defendants Charlie Dixon and James Halbrook under Federal Rule of Civil Procedure 41(b) because Vaughn had not kept the Court informed of his current contact information and had not taken steps to prosecute his claims since November 14, 2023. (Doc. No. 23.) After the Magistrate Judge issued the report and recommendation, Vaughn filed a notice of change of address (Doc. No. 24), a motion to reopen the case and to appoint counsel (Doc. No. 25), and a motion to ascertain the status of his motion to reopen the case (Doc. No. 26). For the following reasons, the Court will withdraw the report and recommendation (Doc. No. 23), grant in part and deny in part the motion to reopen the case and appoint counsel (Doc. No. 25), and grant the motion to ascertain status (Doc. No. 26). The Court will also order Vaughn to show cause by April 2, 2025, why the Court should not dismiss his claims against Halbrook for failure to effect service of process.

I.  **Background**

Vaughn initiated this action on July 28, 2023, raising claims against Cumberland County Jail personnel under 42 U.S.C. § 1983. (Doc. No. 1.) Vaughn named Cumberland County Jail

Warden Tim Klaflin, Correctional Officer Charlie Dixon, and Correctional Officer James Halbrook as defendants, alleging violations of his Eighth Amendment rights. (*Id.*) The Court granted Vaughn's request for leave to proceed *in forma pauperis* (IFP) and conducted an initial screening as required by 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e. (Doc. No. 6.)

Upon initial review, the Court dismissed Vaughn's claim against Klaflin and his claims against Dixon and Halbrook in their official capacities. (*Id.*) However, the Court found that Vaughn pleaded colorable claims against Dixon and Halbrook in their individual capacities for failure to protect him, in violation of the Eighth Amendment. (*Id.*) The Clerk of Court issued summonses for Dixon and Halbrook (Doc. No. 10) and the U.S. Marshals Service attempted to effect service on Vaughn's behalf. Both summonses were returned unexecuted because neither Dixon nor Halbrook was still employed at the Cumberland County Jail. (Doc. Nos. 11, 12.)

Because the Marshals Service could not effect service, the Court ordered Cumberland County Sheriff Casey Cox to file under seal Dixon and Halbrooks' last-known addresses. (Doc. No. 13.) Klaflin filed the addresses on Cox's behalf, the Clerk of Court issued new summonses, and the Marshals Service again attempted to serve Dixon and Halbrook. (Doc. Nos. 15, 16, 18, 19.) Dixon's summons was returned executed on April 5, 2024 (Doc. No. 19). Halbrook's summons was returned unexecuted with a notation stating that he no longer lived at the address provided (Doc. No. 21). Dixon has not appeared in the action, and no additional efforts have been made to serve Halbrook.

On April 16, 2024, the Court issued an order to show cause noting that documents mailed to Vaughn had twice been returned as undeliverable and that Vaughn had not provided the Court with updated contact information or filed anything in his case since November 4, 2023. (Doc. No. 20.) The Court ordered Vaughn to show cause by May 7, 2024, to show cause why the Court

should not dismiss his case under Federal Rule of Civil Procedure 41(b) for failure to prosecute. (*Id.*) Vaughn did not respond to the order and, on May 31, 2024, the Magistrate Judge filed a report and recommendation that Vaughn's claims be dismissed for failure to prosecute his case. (Doc. No. 23.)

On June 3, 2024, Vaughn filed notice of his change in address. (Doc. No. 24.) On June 21, 2024, Vaughn filed a joint motion to reopen his case and to appoint counsel. (Doc. No. 25.) On July 9, 2024, Vaughn filed a motion to ascertain the status of his motion to reopen the case. (Doc. No. 26.) On the same day, the service copy of the May 31, 2024 Report and Recommendation mailed to Vaughn was returned to the Court as undeliverable. (Doc. No. 27.)

II.   Analysis

   A.   **Motion to Reopen Case and to Appoint Counsel (Doc. No. 25)**

The Court will construe Vaughn's motion to reopen the case as his response to the April 16, 2024 show-cause order. Vaughn asks the Court to excuse his failure to prosecute his claims because he had been furloughed from the Louden County Jail because of his "declining medical condition" and was incarcerated at the Cumberland County Jail when the show-cause order was issued. (Doc. No. 25.) Vaughn attaches a capias writ issued by the Cumberland County Criminal Court on January 10, 2024, directing the Sheriff of Cumberland County to take Vaughn into custody and hold him without bond to address criminal charges. (*Id.*) The writ shows that it was served on April 11, 2024. (*Id.*)

It thus appears that Vaughn was in custody in the Cumberland County Jail when the Court issued the April 16, 2024 show-cause order. While these circumstances do not excuse Vaughn's failure to keep the Court apprised of his current mailing address, the Court finds that Vaughn has sufficiently answered the April 16, 2024 show-cause order. Because Vaughn has addressed his failure to respond to the show-cause order and to take action in his case, the Court will withdraw

the May 31, 2024 report and recommendation recommending that the Court dismiss Vaughn's case for failure to prosecute.

As for Vaughn's motion to appoint counsel, there is no constitutional right to counsel in civil actions. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) ("'Appointment of counsel in a civil case is not a constitutional right.'" (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985))); *Hollis v. Perry*, No. 3:17-cv-00626, 2018 WL 3572391, at *2 (M.D. Tenn. July 24, 2018) (citing *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), for the proposition that "there is no constitutional right to an appointed counsel in a civil action"). District courts have discretion to appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but there must be exceptional circumstances justifying such an appointment. *See Lavado*, 992 F.2d at 606 (quoting *Wahl*, 773 F.2d at 1174); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (interpreting then § 1915(d)). To determine "whether exceptional circumstances exist, a district court considers the type of case, the ability of the pro se litigant to represent himself or herself, and the nature of the factual and legal issues involved." *Hollis*, 2018 WL 3572391, at *2.

Vaughn references his declining health in his motion but makes no specific appeal as to why the Court should appoint counsel. The Court finds that it does not appear that either the factual or legal circumstances of this case are so complex as to constitute "exceptional circumstances" necessitating the appointment of counsel at this juncture. The Court will therefore deny Vaughn's motion to appoint counsel without prejudice. Should Vaughn's case advance so that a renewed motion to appoint counsel is appropriate—if, for example, the case survives summary judgment and is set for trial—Vaughn may file a new motion at that time.

**B.    Service of Process Under Federal Rule of Civil Procedure 4**

No defendant has yet appeared in this case, more than a year after its filing. It appears that Dixon accepted service by certified mail on February 23, 2024. (Doc. No. 19.) The Marshals

4

Case 2:23-cv-00047    Document 28    Filed 03/03/25    Page 4 of 9 PageID #: 162

Service has not been able to serve Halbrook because Halbrook is no longer living at the address provided by Klaflin and the Marshals Service has not been able to determine his current address. (Doc. No. 21.)

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (first citing Fed. R. Civ. P. 4(m); and then citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). Otherwise, the language of Rule 4(m) mandates

dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

Where, as here, a plaintiff proceeds IFP, "[t]he officers of the court shall issue and serve all process, and perform all duties . . . ." 28 U.S.C. § 1915(d). Rule 4(c) "dovetails" with § 1915, *Byrd*, 94 F.3d at 219, by providing that "[t]he court must" "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court" "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . ." Fed. R. Civ. P. 4(c)(3).

> Together, Rule 4(c)[(3)] and 28 U.S.C. § 1915([d]) stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

*Byrd*, 94 F.3d at 219.

When the Marshals Service has been unable to effect service on behalf of a plaintiff appearing IFP, courts in this circuit consider the plaintiff's conduct and the totality of the circumstances in determining whether good cause exists to extend the Rule 4(m) deadline. For example, in *Abel v. Harp*, the Sixth Circuit considered the fact that the plaintiff diligently attempted to contact the Marshals Service "when he knew there was a problem with service on the defendants" and the fact that "[t]he Marshals Service [incorrectly] advised [the plaintiff] that it had served all of the defendants" before holding that good cause existed to extend the Rule 4(m) deadline. 122 F. App'x 248, 252 (6th Cir. 2005). By contrast, in *VanDiver v. Martin*, the court

found that the plaintiff failed to show good cause to extend the Rule 4(m) deadline where the plaintiff "remained silent after being put on notice that [ ] Defendants had not been served" at the address he provided because the defendants "no longer worked for the Michigan Department of Corrections." 304 F. Supp. 2d 934, 941, 942 (E.D. Mich. 2004); *see also Freeman v. Collins*, Civ. Action No. 2:08-cv-00071, 2011 WL 4914873, at *5 (S.D. Ohio Aug. 15, 2011) (finding that pro se incarcerated IFP plaintiff failed to show good cause to extend Rule 4(m) deadline where he "took no action to cure the lack of service for a significant period . . ."). Similarly, in *Staub v. Nietzel*, the Sixth Circuit found that good cause did not exist to extend the Rule 4(m) deadline despite an "administrative snafu" in which the Clerk of Court did not issue a summons for the unserved defendant because the plaintiff "was on notice" that the defendant remained unserved, failed to inquire about the status of service or provide additional information for service to the court, and "fail[ed] to provide any reasonable explanation for sitting idly by for six years[.]" Case No. 22-5384, 2023 WL 3059081, at *8–9 (6th Cir. Apr. 24, 2023).

The Marshals Service initially attempted to serve Dixon and Halbrook at the Cumberland County Jail and, in doing so, learned that neither defendant still worked there. (Doc. Nos. 11,12.) The Court directed Sheriff Cox to provide the last-known addresses for Dixon and Halbrook under seal, and Klaflin filed both last-known addresses on Cox's behalf. (Doc. No. 15.) The Marshals Service successfully served Dixon at the provided address, but it appears that the last-known address for Halbrook is no longer good.

Because Vaughn has not received most of the Court's orders due to his incorrect mailing address, and because the service documents for Dixon and Halbrook have been filed under seal, it is not clear from the record that Vaughn knows the status of service of process in his case. This Memorandum Order shall serve as notice to Vaughn that Dixon has been served but has not

7

Case 2:23-cv-00047   Document 28   Filed 03/03/25   Page 7 of 9 PageID #: 165

appeared and that Halbrook has not been served because the Marshals Service has not been provided a correct service address. At this stage of the proceedings—after Sheriff Cox has provided Halbrook's last-known address in response to the Court's order—it is Vaughn's responsibility to provide a correct service address for Halbrook. Vaughn is warned that failure to do so by April 2, 2025, may result in a recommendation that his claims against Halbrook be dismissed for failure to effect service within the period prescribed by Rule 4(m).

### III.     Conclusion

For these reasons, the Court ORDERS as follows:

The May 31, 2024 report and recommendation (Doc. No. 23) is WITHDRAWN.

Vaughn's motion to reopen the case and to appoint counsel (Doc. No. 25) is GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE. The motion to reopen the case is granted and construed as a response to the Court's show-cause order. The motion to appoint counsel is denied without prejudice.

Vaughn's motion to ascertain the status of his motion to reopen the case and to appoint counsel (Doc. No. 26) is GRANTED. The motion has been resolved by this Memorandum Opinion.

Vaughn is ORDERED to provide a correct service address for Halbrook by April 2, 2025. If Vaughn is unable to provide a correct service address, he shall file a notice by April 2, 2025, stating why the Court should not dismiss his claims against Halbrook for failure to effect service under Rule 4(m).

The Clerk's Office is DIRECTED to provide service copies of Docket Entries 11, 12, 13, 20, and 23 with the service copy of this Memorandum Order.

Vaughn is again warned that failure to respond to this Memorandum Order by April 2, 2025, or to notify the Court of any change of address may result in a recommendation that his case be dismissed for failure to prosecute under Rule 41(b).

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge