UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| DARYL B. VAUGHN,<br>    Plaintiff,<br><br>v.<br><br>TIM KLAFLIN, et al.,<br>    Defendants. | Case No. 2:23-cv-00047<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Luke A. Evans |

To:    The Honorable Waverly D. Crenshaw, Jr., District Judge

**<u>REPORT AND RECOMMENDATION</u>**

On August 7, 2023, *pro se* Plaintiff, Daryl B. Vaughn, filed a complaint under 42 U.S.C. § 1983 to address issues arising out of his pretrial detention in the custody of the Cumberland County Sheriff's Department at the Cumberland County Jail in Crossville, Tennessee (Doc. No. 1). By order on September 25, 2023, the Court conducted an initial screening, dismissed applicable defendants and claims, and permitted Vaughn to proceed *in forma pauperis* (Doc. No. 6). Because the Marshals Service could not successfully serve the remaining defendants (Doc. Nos. 11-12), the Court ordered the defendants' last-known addresses, as provided by the Cumberland County Sheriff's Department, be filed under seal (Doc. No. 13). The second attempt to serve Defendant Charlie Dixon was successful (Doc. No. 19), however, the Marshals Service again failed to serve Defendant James Halbrook (Doc. No. 21).

On April 16, 2024, the Court ordered Vaughn to show cause why the Court should not dismiss the action for failure to prosecute, specifically noting that documents mailed to Vaughn had twice been returned as undeliverable and that Vaughn had not provided the Court with updated contact information or filed anything in his case since November 14, 2023 (Doc. Nos. 8, 17, 18,

and 20). Because Vaughn did not update his contact information, the Court recommended dismissal for failure to prosecute (Doc. No. 23).

However, in June 2024, Vaughn filed a second notice of change in address (Doc. No. 24)[1] as well as a motion to reopen his case and to appoint counsel (Doc. No. 25). A month later, Vaughn also filed a motion to ascertain the status of his motion to reopen the case (Doc. No. 26). On March 3, 2025, the Court withdrew the May 2025 Report and Recommendation, granted the motion to reopen, and ordered Vaughn to either provide a correct service address for Defendant Halbrook or file a notice stating why the Court should not dismiss his claims for failure to effect service (Doc. No. 28). The March 2025 Order also explicitly warned Vaughn that failure to notify the Court of any change of address may result in a recommendation of dismissal (*Id.*). Nevertheless, the May 2024 Report and Recommendation (Doc. No. 27), the March 2025 Order (Doc. No. 29), and a subsequent April 2025 Order (Doc. Nos. 31-32) have all returned to the Court as undeliverable. To date, the docket reflects that Vaughn has not provided current contact information, made any effort to complete service of Defendant Halbrook, or taken any other action to move this litigation forward since July 9, 2024.

This Court's Local Rules provide that a *pro se* party "must keep the Court and opposing parties apprised of the *pro se* party's current address and other contact information," and explain that failure "to timely notify the Court and opposing parties of any change in address may result in dismissal of the action with or without prejudice." M.D. Tenn. R. 41.01(b). The Local Rules further provide that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. R.

---

[1]     Vaughn previously filed a notice of change in address in November 2023 (Doc. No. 8).

41.01(a). Where noncompliance with local rules is a ground for dismissal, "the behavior of the noncomplying party [must] rise[] to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

"It is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)." *Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) (unpublished opinion) (citation omitted). Whether the Court should dismiss this case for failure to prosecute depends on "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted). Not every factor needs to be present, *see Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 740 (6th Cir. 2008), and a clear record of delay can support dismissal. *See Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (citations omitted). Further, Rule 41(b) operates in tandem with the Court's inherent power to manage its caseload and to dismiss a case for failure to prosecute as part of its caseload management. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (citations omitted).

Here, the *Knoll* factors concerning prejudice and sanctions are not applicable given the posture of the case, but the docket shows a clear record of delay that supports dismissal. That is, because Vaughn has (i) failed to complete service of Defendant Halbrook since this action was filed in August 2023 (Doc. No. 1) or otherwise move the case forward since July 2024 (Doc. No. 26), (ii) repeatedly failed to provide a current address and other contact information (Doc. Nos. 7, 17, 18, 22, 27, 29, 31, and 32), and (iii) previously been afforded opportunities to effect late service

3

of Defendant Halbrook and provide a current address and other contact information (Doc. Nos. 9, 13, and 20), dismissal for failure to prosecute is an appropriate remedy.

**RECOMMENDATION**

For the foregoing reasons, the Court respectfully recommends dismissing this case under Rule 41(b) for failure to prosecute.

Any party has 14 days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within 14 days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within 14 days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 19th day of May, 2026.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge